IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03559-RTG

CASEY BAVERSTOCK,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, Denver, Colorado,

     Defendant.

---

## ORDER TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff Casey Baverstock is a convicted and sentenced state prisoner at the Centennial Correctional Facility in Cañon City, Colorado. On November 7, 2025, Plaintiff filed *pro se* a Prisoner Complaint (ECF No. 1)[1] and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2). Plaintiff has been granted leave to proceed under § 1915. Accordingly, Plaintiff's complaint is screened pursuant to 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and 42 U.S.C. § 1997e(c) because he is a prisoner proceeding *in forma pauperis*.

The Court must construe Plaintiff's complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

---

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons below, Plaintiff must file an amended Prisoner Complaint.

## I.    PRISONER COMPLAINT

Plaintiff brings this action under 42 U.S.C. § 1983 against the Colorado Department of Corrections ("CDOC") (ECF No. 1). The complaint presents one claim captioned as follows: "Direct Violation of 8th & 11th U.S. Constitutional Amendment Rights in Physical Attack and Destruction of Right Leg and Ankle." (*Id.* at 4 (no alterations made)). As support, Plaintiff alleges that he has steel rod inserted into his surgically repaired ankle. As a result, he uses a walking boot. On April 22, 2024, CDOC staff allegedly removed Plaintiff's walking boot resulting in complications that the CDOC then refused to treat. At some point thereafter, Plaintiff was subjected to an attack by prison staff that further destroyed his injured right ankle. Plaintiff was unable to walk and suffered from severe pain. In October 2024, Plaintiff was transferred to the Arkansas Valley Correctional Facility ("AVCF"). Plaintiff underwent surgery on his right ankle to remove the damaged hardware. He developed several infections, and on May 28, 2025, Plaintiff had his leg amputated. (*Id.*). As relief, Plaintiff seeks damages. (*Id.* at 6).

The Court will now turn to the pleading issues presented by the Prisoner Complaint.

II.     **PLEADING ISSUES**

   A.     **Rule 8**

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

In any amended pleading, Plaintiff must allege in a clear, concise, and organized manner what each defendant did to Plaintiff, when the defendant did it, how the defendant's action (or inaction) harmed him, what specific legal right he believes the defendant violated, and what specific relief he requests as to each defendant. *Nasious*

3

*v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (citations omitted).

### B.  Individual Versus Official Capacity Claims and Eleventh Amendment Immunity

"Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3d 1152, 1161, n. 5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 30, 27 (1991)). Thus, in order to recover damages, Plaintiff must sue a Defendant in his or her individual capacity.

Plaintiff is advised that official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). To the extent Plaintiff asserts a claim against employees or agents of the State of Colorado in their official capacities— such as the Colorado Department of Corrections (CDOC) or employees of the CDOC— he has not named an entity separate from the State of Colorado. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). However, the State of Colorado and its entities are immune from liability under § 1983 pursuant to the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the

amendment provides absolute immunity from suit in federal courts for states and their agencies. *Ramirez v. Oklahoma Dept of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

However, the Eleventh Amendment does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief and not retrospective relief for alleged past violations of federal law. *Verizon Maryland v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007); *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908). Thus, any claim other than one for prospective injunctive relief against the State of Colorado (or one of its employees in an official capacity) is barred.

### C.    Legal Standard

The allegations necessary to establish a § 1983 claim vary with the claim's constitutional underpinning. *Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("Our first task in any § 1983 suit alleging a constitutional violation is to isolate the precise constitutional violation with which the defendant is charged.") (cleaned up). It looks like Plaintiff would like to assert a claim related to medical care.

To state an Eighth Amendment violation based on inadequate medical care, Plaintiff must allege facts that demonstrate deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "A claim of deliberate indifference includes both an objective and a subjective component." *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014). "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192-93 (internal quotation marks omitted).

Under the subjective prong, "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000). The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Medical malpractice is not a constitutional violation merely because the alleged victim is a prisoner. *See Estelle*, 429 U.S. at 106. Mere disagreement with prison officials regarding medical care does not satisfy the subjective prong of an Eighth Amendment claim. *See Callahan v. Poppell*, 471 F.3d

1155, 1160 (10th Cir. 2006) (concluding that prisoners do not have an Eighth Amendment right to a particular course of treatment).

Plaintiff's amended Prisoner Complaint must allege facts to meet this standard.

## III.    CONCLUSION

Accordingly, it is

ORDERED that Plaintiff shall file, within thirty (30) days from the date of this order, an amended Prisoner Complaint that complies with all directives contained in this order. To be clear, Plaintiff must submit a single, fully completed Prisoner Complaint on the court-approved form as one document that contains all claims and allegations. Plaintiff is advised that the Court is not required to sort through multiple pleadings to ascertain his claims or compile the required information from multiple documents. It is

FURTHER ORDERED that Plaintiff shall obtain and utilize the court-approved Prisoner Complaint form (with the assistance of a case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action may be dismissed without further notice.

DATED November 7, 2025.

BY THE COURT:

_Richard T. Gurley_

_____

7

Richard T. Gurley
United States Magistrate Judge